IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

NICHOLAS KYLE DIETZEL,

        Defendant.

Case No. 24-CR-30-SEH

**OPINION AND ORDER**

Now before the Court is the joint motion of the United States and the Defendant to determine that the above-captioned case is a complex case under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), to continue the jury trial to August 2024, and to re-set the corresponding dates set forth in the Court's previous scheduling order (Dkt. #19). The Defendant and his counsel have executed a waiver of speedy trial which requests that this Court exclude all delays resulting from the continuance requested by the parties from April 1, 2024, to August 26, 2024 (Dkt. #20). The trial is currently set for April 1, 2024, at 9:15 a.m.

The joint request contains sufficient factual allegations to issue a decision on the motion, and neither party has requested a hearing. The Court finds this is a complex case, and the ends of justice served by granting a continuance outweigh the interests of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

**I.    Background**

On January 17, 2024, a complaint was filed charging Nicholas Kyle Dietzel with Travel, or Attempt to Travel, with Intent to Engage in Illicit Sexual Conduct, Distribution of Child Pornography, Attempted Coercion or Enticement of a Minor, and Possession of or Access with Intent to View Child Pornography (Dkt. #1). On February 5, 2024 a grand jury returned an

indictment charging Defendant with Attempted Aggravated Sexual Abuse of a Minor Under 12 Years of Age pursuant to 18 U.S.C. §§ 2241(c), Attempted Interstate Travel with Intent to Engage in Illicit Sexual Conduct with a Person Under 18 Years of Age pursuant to 18 U.S.C. §§ 2423(b) and (e), Attempted Coercion and Enticement of a Minor pursuant to 18 U.S.C. §2422(b), Attempted Distribution of Child Pornography to a Minor pursuant to 18 U.S.C. §§ 2252A(a)(6) and (b)(1), Receipt and Distribution of Child Pornography pursuant to 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), Possession of Child Pornography in Indian Country pursuant to 18 U.S.C. § 1151, 2252(a)(4)(A), and 2252(b)(2), and Sexual Exploitation of Children Forfeiture pursuant to 18 U.S.C. § 2428 and 18 U.S.C. § 2253(a) (Dkt. #15). The Defendant has been detained prior to trial and has been represented by Murphy Mitchell of the Federal Public Defender's Office since January 19, 2024 (Dkt. #7-8).

The parties jointly contend that this case involves twenty-three digital devices, including phones, computers, and flash drives that were seized during execution of a search warrant. Any information recovered from these digital devices that includes child pornography, as that term is defined in 18 U.S.C. § 2256(8), can only be reviewed by counsel for Defendant at the Homeland Security Investigations office pursuant to 18 U.S.C. § 3509(m). Both parties agree that the voluminous nature of the digital information in this case, and the burdensome way it must be processed and then reviewed on-site by counsel for the Defendant, makes this case an unusual and complex one. It may become more complex as the pre-trial discovery process continues because the parties assert that additional information from several different chatrooms that utilize different sites and different applications is likely to be recovered by law enforcement.

## II.     Analysis

The parties ask the Court to declare this matter a complex case under § 3161(h)(7)(A) of the Speedy Trial Act. The Speedy Trial Act requires that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. § 3161(c)(1).

However, the Court may exclude from the Speedy Trial Act calculation any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. at (7)(A). Among the factors that a judge must consider in granting such a request include "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7).

Digital discovery – even in voluminous amounts - is not unusual in federal district court, but the requirements of 28 U.S.C. § 3509(m) do make the digital discovery process a complex one, and the number of digital storage devices at issue here creates another layer of complexity. Due to this level of complexity, the parties represent that they "cannot conduct an adequate investigation, process and produce forthcoming discovery, and prepare for trial within the constraints of the Speedy Trial Act." [Doc. 19]

The Tenth Circuit has been clear that a continuance should not be granted "cavalierly" by the Court. *United States v. Williams,* 511 F.3d 1044, 1048–49 (10th Cir. 2007). A district court must also properly consider and weigh the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *United States v. Toombs,* 574 F.3d 1262, 1273 (10th Cir. 2009).

Given the complexity of both assessing and reviewing digital discovery in a case involving child pornography and the number of devices that must be analyzed, it would be unreasonable to expect that the parties could adequately be prepared for trial under the current scheduling order. The public interest in a speedy trial will not be undermined by this determination, which will provide all counsel adequate time to obtain and review discovery materials consistent with special provisions of the law that apply to in these cases. The court therefore finds that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial.

### III.  Conclusion

Accordingly, it is ORDERED that the Joint Motion Requesting the Court Declare Case a Complex Matter Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) (Dkt. #19) is GRANTED. IT IS FURTHER ORDERED that all deadlines in the Scheduling Order (Dkt. #18), including the Jury Trial set for April 1, 2024, are stricken.

**IT IS FURTHER ORDERED** that following scheduling order is hereby entered:

| | |
|---|---|
| Notice deadline: | June 17, 2024 |
| Motions and objections to notices due: | June 24, 2024 |
| PT/CP/Motions Hearing: | July 16, 2024 at 9:15 a.m. |

| | |
|---|---|
| Voir dire, jury instructions, and trial briefs due: | July 29, 2024 |
| Witness and exhibit lists exchanged and provided to Court in exhibit binders by: | August 1, 2024 at 4:00 p.m. |
| Jury Trial: | August 5, 2024 at 8:45 a.m. |

IT IS FURTHER ORDERED that all the time between the April 1, 2024, inclusive, and the new trial date of August 5, 2024, inclusive, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(7)(A)-(B).

IT IS SO ORDERED this 14th day of February 2024.

*Sara E. Hill*
Sara E. Hill
United States District Judge